## Case No. 13,318.

### STARR v. STARK.

[2 Sawy. 641.] [1]

Circuit Court. D. Oregon. May 8, 1874.

JUDGMENT—RES JUDICATA—IDENTITY OF TITLE.

1. A had two lots, numbers 1 and 2, held under two distinct chains of title. In a suit between A and B, involving lot number 1, one of A's titles was directly put in issue and determined, but the other was not. In a subsequent suit between the same parties, embracing lot number 2, *held*, that A was not estopped by the judgment in the suit relating to lot number 1, from setting up in the suit embracing lot number 2, the title not actually put in issue or determined in the first suit relating to lot number 1, only.

2. He was estopped from setting up the identical title which was actually put in issue and determined in the first action.

3. A party is not bound in an action relating to one lot to litigate his title to another and different lot, even though the title to both be the same; but if he does put the title in issue and have it determined in an action relating to one, he will afterwards be bound by the determination in an action relating to the other, so far as the identical title litigated is concerned.

At law.

J. N. Dolph and Wm. H. Effinger, for complainant.

Wm. Strong and Bronaugh & Catlin, for defendant.

Before SAWYER, Circuit Judge and DEADY, District Judge.

SAWYER, Circuit Judge. This action embraces lot three, in block eighty-one, and is in all respects similar to, and as to the litigated points, was submitted on the same evidence as the case of Starr v. Stark [Case No. 13,317], except that the lot in this case was not embraced in the former action, the decree in which was claimed to be a bar in the other case. The proceedings in the former action, however, are set up and claimed to be a bar in this case, on the ground that the same questions might have been directly litigated in that action between the same parties; and that the decree is as conclusive in this case as in the other. There can be no doubt, I think, that the decree upon the title actually litigated and determined in that case—the title derived through the patent to the city—is conclusive in this action.

But there can, certainly, be no ground for holding it conclusive upon those matters not in issue, and not litigated or determined, whatever may be the effect of that decree upon the title to the lots actually involved in the decision. The land in question here is a different subject matter, and the parties are certainly not bound to litigate all their claims to this lot in an action about another lot, although the various chains of title to that other are the same. If the parties do, in fact, put the entire title in issue, and it is determined, the determination will be conclusive. But I know of no authority which goes so far as to sustain the position taken by defendant's counsel in this case.

The other questions are precisely the same as those discussed in Starr v. Stark [supra], and upon the authority of that case there must be a decree for the complainant in pursuance of the prayer of the bill, with costs, and it is so ordered.

DEADY, District Judge, dissented on the second point indicated in his dissent in Starr v. Stark [supra].

---

STARR (STARK v.). See Case No. 13,307.